**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS JUN 2 3 2000
NORTHERN DIVISION

JAMES W McCORMACK, CLERK
By: _____

SAVE GREERS FERRY LAKE, INC.

DEP. CLERK

v.                              No. 1:00CV00051 WRW

U.S. ARMY CORPS OF ENGINEERS, ET AL

<u>DEFENDANTS' SUPPLEMENTAL POST-HEARING BRIEF</u>

Pursuant to the Court's Order filed herein on June 19, 2000, the Court has advised that any additional briefs from the defendant U.S. Army Corps of Engineers would be optional.  The Corps of Engineers submits the following brief on the issue of the effect of the May 31, 2000 letter from the Corps of Engineers to persons issued boat dock permits in the areas rezoned for boat docks under the 2000 Shoreline Management Plan.

As stated at the hearing on June 13th, the purpose of the letter was to notify permit holders that the Court had issued a preliminary injunction and that permit holders could not take any action to place a dock on the lake.  It was not the intent of the agency to revoke or invalidate boat dock permits issued prior to the preliminary injunction.  That issue is pending before the Court and is for the Court, not the Corps of Engineers, to decide.

On June 9, 2000, the Commander of the U.S. Army Corps of Engineers, Southwestern Division, issued a decision canceling and withdrawing the 2000 Shoreline Management Plan for Greers Ferry Lake.  That decision was effective retroactively to the date of

the preliminary injunction, not to the earlier date in March when the Shoreline Management Plan was authorized. A copy of the Division Commander's decision is attached to the defendants' post-hearing brief filed herein on June 12th. Plaintiff's argument that the agency's May 31st letter to permit holders rescinded all boat dock permits previously issued is inconsistent with the effective date of the decision withdrawing the Shoreline Management Plan.

More importantly, the employees who prepared and sent the May 31st letter do not have the authority to revoke a boat dock permit issued by the Corps of Engineers. Under the 2000 SMP, and Corps of Engineers regulations, only the District Engineer, (District Commander) can revoke a boat dock permit. See pgs. 422, 424 and 571 in the Administrative Record, copies attached.

With regard to future proceedings herein, the Court has been advised that the Corps of Engineers has canceled and withdrawn the Shoreline Management Plan retroactively to May 30, 2000, and that the agency will conduct an environmental impact study. In the event any boat dock permittees are made parties to this action, the federal defendants request that the federal defendants be dismissed from this cause of action. Should the Court rule that none of the dock permit holders will be allowed to intervene, or otherwise made parties, then the Court should enter a final order dismissing the plaintiff's complaint.

Respectfully submitted,

PAULA J. CASEY
UNITED STATES ATTORNEY

BY:  RICHARD M. PENCE, JR.
ASSISTANT U.S. ATTORNEY
BAR No. 69059

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered to the following on this 23rd day of June, 2000.

Richard H. Mays
Attorney at Law
TCBY Tower - Suite 1500
Little Rock, AR  72201

Jim L. Julian
Attorney at Law
400 W. Capitol, STE 2840
Little Rock, AR 72201

Richard M. Pence, Jr.
Assistant U.S. Attorney

3

## Corps of Engineers, Army, DoD                    § 327.30

watercraft operation. Specific size limitations may be established in the project Shoreline Management Plan.

(4) All private floating recreation facilities including boat mooring facilities will be constructed in accordance with plans and specifications, approved by the resource manager, or a written certification from a licensed engineer, stating the facility is structurally safe will accompany the initial submission of the plans and specifications.

(5) Procedures regarding permits for individual facilities shall also apply to permits for non-commercial group mooring facilities.

(6) Facilities attached to the shore shall be securely anchored by means of moorings which do not obstruct the free use of the shoreline, nor damage vegetation or other natural features. Anchoring to vegetation is prohibited.

(7) Electrical service and equipment leading to or on private mooring facilities must not pose a safety hazard nor conflict with other recreational use. Electrical installations must be weatherproof and meet all current applicable electrical codes and regulations. The facility must be equipped with quick disconnect fittings mounted above the flood pool elevation. All electrical installations must conform to the National Electric Code and all state, and local codes and regulations. In those states where electricians are licensed, registered, or otherwise certified, a copy of the electrical certification must be provided to the resource manager before a Shoreline Use Permit can be issued or renewed. The resource manager will require immediate removal or disconnection of any electrical service or equipment that is not certified (if appropriate), does not meet code, or is not safely maintained. All new electrical lines will be installed underground. This will require a separate real estate instrument for the service right-of-way. Existing overhead lines will be allowed, as long as they meet all applicable electrical codes, regulations and above guidelines, to include compatibility and safety related to fluctuating water levels.

(8) Private floating recreation facilities will not be placed so as to interfere with any authorized project purposes, including navigation, or create a safety or health hazard.

(9) The district commander or his/her authorized representative may place special conditions on the permit when deemed necessary. Requests for waivers of shoreline management plan permit conditions based on health conditions will be reviewed on a case by case basis by the Operations Manager. Efforts will be made to reduce onerous requirements when a limiting health condition is obvious or when an applicant provides a doctor's certification of need for conditions which are not obvious.

(10) Vegetation modification, including but not limited to, cutting, pruning, chemical manipulation, removal or seeding by private individuals is allowed only in those areas designated as Limited Development Areas or Protected Shoreline Areas. An existing (as of July 1, 1987) vegetation modification permit, within a shoreline allocation which normally would not allow vegetation modification, should be grandfathered. Permittees will not create the appearance of private ownership of public lands.

(11) The term of a permit for vegetation modification will be for five years. Where possible, such permits will be consolidated with other shoreline management permits into a single permit. The district commander is authorized to issue vegetation modification permits of less than five years for one-time requests or to aid in the consolidation of shoreline management permits.

(12) When issued a permit for vegetative modification, the permittee will delineate the government property line, as surveyed and marked by the government, in a clear but unobtrusive manner approved by the district commander and in accordance with the project Shoreline Management Plan and the conditions of the permit. Other adjoining owners may also delineate the common boundary subject to these same conditions. This delineation may include, but is not limited to, boundary plantings and fencing. The delineation will be accomplished at no cost to the government.

(13) No permit will be issued for vegetation modification in Protected Shoreline Areas until the environmental impacts of the proposed modification are assessed by the resource manager and it has been determined that no significant adverse impacts will result. The effects of the proposed modification on water quality will also be considered in making this determination.

(14) The original of the completed permit application is to be retained by the permittee. A duplicate will be retained in the resource manager's office.

### 3. Permit Revocation

Permits may be revoked by the district commander when it is determined that the public interest requires such revocation or when the permittee fails to comply with terms and conditions of the permit, the Shoreline Management Plan, or of this regulation. Permits for duck blinds and ice fishing shelters will be issued to cover a period not to exceed 30 days prior to and 30 days after the season.

### 4. Removal of Facilities

Facilities not removed when specified in the permit or when requested after termination or revocation of the permit will be treated as unauthorized structures pursuant to 36 CFR 327.20.

10000422

**Corps of Engineers, Army, DoD** — **§ 327.30**

14. Floats and the flotation material for all docks and boat mooring buoys shall be fabricated of materials manufactured for marine use. The float and its flotation material shall be 100% warranted for a minimum of 8 years against sinking, becoming waterlogged, cracking, peeling, fragmenting, or losing beads. All floats shall resist puncture and penetration and shall not be subject to damage by animals under normal conditions for the area. All floats and the flotation material used in them shall be fire resistant. Any float which is within 40 feet of a line carrying fuel shall be 100% impervious to water and fuel. The use of new or recycled plastic or metal drums or non-compartmentalized air containers for encasement or floats is prohibited. Existing floats are authorized until it or its flotation material is no longer serviceable, at which time it shall be replaced with a float that meets the conditions listed above. For any floats installed after the effective date of this specification, repair or replacement shall be required when it or its flotation material no longer performs its designated function or it fails to meet the specifications for which it was originally warranted.

15. Permitted facilities and activities are subject to periodic inspection by authorized Corps representatives. The resource manager will notify the permittee of any deficiencies and together establish a schedule for their correction. No deviation or changes from approved plans will be allowed without prior written approval of the resource manager.

16. Floating facilities shall be securely attached to the shore in accordance with the approved plans by means of moorings which do not obstruct general public use of the shoreline or adversely affect the natural terrain or vegetation. Anchoring to vegetation is prohibited.

17. The permit display tag must be posted on the permitted facility and/or on the land areas covered by the permit so that it can be visually checked with ease in accordance with instructions provided by the resource manager.

18. No vegetation other than that prescribed in the permit will be damaged, destroyed or removed. No vegetation of any kind will be planted, other than that specifically prescribed in the permit.

19. No change in land form such as grading, excavation or filling is authorized by this permit.

20. This permit is non-transferable. Upon the sale or other transfer of the permitted facility or the death of the permittee and his/her legal spouse, this permit is null and void.

21. By 30 days written notice, mailed to the permittee by certified letter, the district commander may revoke this permit whenever the public interest necessitates such revocation or when the permittee fails to

comply with any permit condition or term. The revocation notice shall specify the reasons for such action. If the permittee requests a hearing in writing to the district commander through the resource manager within the 30-day period, the district commander shall grant such hearing at the earliest opportunity. In no event shall the hearing date be more than 60 days from the date of the hearing request. Following the hearing, a written decision will be rendered and a copy mailed to the permittee by certified letter.

22. Notwithstanding the conditions cited in condition 21 above, if in the opinion of the district commander, emergency circumstances dictate otherwise, the district commander may summarily revoke the permit.

23. When vegetation modification on these lands is accomplished by chemical means, the program will be in accordance with appropriate Federal, state and local laws, rules and regulations.

24. The resource manager or his/her authorized representative shall be allowed to cross the permittee's property, as necessary to inspect facilities and/or activities under permit.

25. When vegetation modification is allowed, the permittee will delineate the government property line in a clear, but unobtrusive manner approved by the resource manager and in accordance with the project Shoreline Management Plan.

26. If the ownership of a permitted facility is sold or transferred, the permittee or new owner will notify the Resource Manager of the action prior to finalization. The new owner must apply for a Shoreline Use Permit within 14 days or remove the facility and restore the use area within 30 days from the date of ownership transfer.

27. If permitted facilities are removed for storage or extensive maintenance, the resource manager may require all portions of the facility be removed from public property.

APPENDIX D TO § 327.30—PERMIT [RESERVED]

[55 FR 30697, July 27, 1990, as amended at 57 FR 21895, May 26, 1992; 57 FR 29220, July 1, 1992; 63 FR 35828, July 1, 1998]

EFFECTIVE DATE NOTE: The amendment to § 327.30 revising the last sentence of paragraph (k), published at 56 FR 29587, June 28, 1991, was deferred indefinitely. See 56 FR 49706, Oct. 1, 1991. The administrative charges contained in § 327.30, Shoreline Management on Civil Works Projects, published in the July 1, 1991 edition of the Code of Federal Regulations will remain in effect. Any future decisions affecting this regulation will be published in the FEDERAL REGISTER

10000424

6-12. Refund of Fees.  Fees for shoreline use permits are
nonrefundable.

6-13. Permit Revocation.  Authority to revoke shoreline use
permits rests with the District Engineer.  Permits may be revoked
when the action is in the public interest or when the permitee
fails to comply with the terms of the permit, the Shoreline
Management Plan, or ER 1130-2-406.  Conditions must be carefully
and completely documented with copies of certified correspondence
to the permitee, dated photographs and detailed inspection reports
when recommending permit revocation to the District Engineer.  The
permitee notification process is outlined in permit condition 26.

6-14. Request for Waiver of Provisions.

    a. This plan is subject to Federal laws and regulations
requiring reasonable accommodations for people with qualifying
disabilities.  A request to waive any provision for the purpose of
accommodating a person with a disability or limiting health
condition should be forwarded in writing to:

            Operations Manager, Greers Ferry
            U.S. Army Corps of Engineers
            700 Heber Springs Road North
            Heber Springs, AR 72543

    b. The Operations Manager will review waiver requests on a
case-by-case basis.  The request should fully explain the
disability or limiting health condition, the individual and local
situation, and the specifics of the waiver, accompanied by
supporting documentation (letter, copies of handicapped parking
placards, doctor's letters, maps, diagrams, etc.)

 6-15. Appeals Process. Appeals may be made in accordance with
SWLOM 1130-2-35, change 1.