IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 2 3 2000
JAMES W McCORMACK, CLERK
By: _____
DEP. CLERK

| | |
|---|---|
| SAVE GREERS FERRY LAKE, INC. )<br>An Arkansas Not-For-Profit Corporation )<br>   )<br>   Plaintiff )<br>   )<br>v.   ) | Civil No. 1-00 CV 000051 WRW |
| United States Army Corps of Engineers; )<br>Colonel Thomas A. Holden, Jr., )<br>District Engineer, Little Rock District )<br>Corps of Engineers; Brig. Gen. Edwin J. )<br>Arnold, Division Commander, Southwest )<br>Division, U.S. Army Corps of Engineers; )<br>Lt. Gen. Joseph N. Ballard, Chief of Engineers)<br>U.S. Army Corps Of Engineers; Mr. Joseph )<br>Westphal, Assistant Secretary (Civil Works), )<br>U.S. Department of the Army; and Mr. Louis )<br>Caldera, Secretary of the United States )<br>Department of The Army. )<br>   )<br>   Defendants ) | |

## RESPONSE TO MOTION FOR INTERVENTION

Comes the plaintiff, Save Greers Ferry Lake, Inc., and for its Response to the Motion for Intervention, states:

1.   The plaintiff is unable to determine the accuracy of the allegations contained in ¶1 of the Motion, and therefore denies the same.

2.   The plaintiff is unable to determine the accuracy of the allegations contained in ¶2 of the Motion, and therefore denies the same.

3. The plaintiff is unable to determine the accuracy of the allegations contained in ¶3 of the Motion, and therefore denies the same.

4. The plaintiff is unable to determine the accuracy of the allegations contained in ¶4 of the Motion, and therefore denies the same.

5. The plaintiff is unable to determine the accuracy of the allegations contained in ¶5 of the Motion, and therefore denies the same.

6. The plaintiff is unable to determine the accuracy of the allegations contained in ¶6 of the Motion, and therefore denies the same.

7. The plaintiff is unable to determine the accuracy of the allegations contained in ¶7 of the Motion, and therefore denies the same.

8. The plaintiff admits the allegations of ¶8 of the Motion.

9. The allegations of ¶9 of the Motion state conclusions of opinion or law, and require no answer. To the extent that an answer is required, the plaintiff denies the same.

10. The plaintiff admits that a preliminary injunction has been issued by the Court. The plaintiff denies each and every other allegation of ¶10 of the Motion.

Further responding, plaintiff states and alleges as follows:

11. The permits relied upon by the petitioners in their Motion to Intervene have all been invalidated and revoked by the effect of the preliminary injunction entered herein on May 30, 2000, and also by the Corps of Engineers in the letter to petitioners referred to in ¶8 of the Motion. The claims of the petitioners are

therefore moot, as there is no longer a "case or controversy" involving such permits of which this Court has jurisdiction.

12. The petitioners failed to file a motion to intervene in this case until after the issuance of the preliminary injunction of May 30. The petitioners are barred from asserting any claims herein by the doctrine of laches.

13. From the face of the Motion, many of the petitioners did not receive, and some did not apply for, permits for boat docks. All petitioners in those categories have no standing in this matter upon which to assert claims.

14. The Shoreline Management Plan of 2000, upon which the permits held by the petitioners were based, and the permits themselves, provide that the permits may be terminated by the Corps of Engineers at any time. The petitioners have no vested, irrevocable rights under the permits, and no standing upon which to assert claims.

15. Upon information and belief, some of the petitioners do not qualify under the Shoreline Management Plan of 2000 for the number of slips and docks for which they claim an interest, and have no standing upon which to assert claims.

WHEREFORE, plaintiff, Save Greers Ferry Lake, Inc., prays that the Motion for Intervention be denied and dismissed, and for all other legal, equitable and proper relief.

*[signature: Richard H. Mays]*

RICHARD H. MAYS, ESQ. (AR Bar # 61043)
ENVIRONMENTAL LEGAL SERVICES
TCBY Tower – 15th Floor
425 West Capitol Ave.
Little Rock, AR  72201

Attorney for Plaintiff
Save Greers Ferry Lake, Inc.

## CERTIFICATE OF SERVICE

I, Richard H. Mays, do hereby certify that I have, on this 23d day of June, 2000, served a copy of the foregoing document on the parties listed below by depositing the said copy in the United States Postal Service, postage prepaid, and addressed to:

> Richard M. Pence, Jr., Esq.
> Assistant U.S. Attorney
> P.O. Box 1229
> Little Rock, AR  72201
>
> Jim L. Julian, Esq.
> Chisenhall, Nestrud & Julian, P.A.
> 400 West Capitol Ave. – Suite 2840
> Little Rock, AR  72201

*[signature: Richard H. Mays]*
Richard H. Mays